UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUMERCINDO J., | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:23-CV-32-CDL |
| MARTIN O'MALLEY,[1] Commissioner of the Social Security Administration, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Court **reverses** the Commissioner's decision and **remands** the case for further proceedings.

**I.    Standard of Review**

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The

---

[1]    On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the Court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

II.    **Background and Procedural History**

The plaintiff filed applications for disability insurance and supplemental security income (SSI) benefits on March 17, 2020, alleging a disability onset date of June 1, 2016. (R. 344). His alleged onset date was later amended to January 1, 2021. (R. 21, 75). The

plaintiff alleged that he became disabled due to several medical conditions, including hernia, stomach problems, a hand/wrist/arm problem, depression, anxiety disorder, and PTSD. (R. 351, 361). Based on his reported birth date of January 13, 1965, he was 55 years old on the amended alleged onset date. (*See* R. 335, 344).

The Commissioner denied plaintiff's application on initial review and on reconsideration. After the plaintiff requested a hearing before an Administrative Law Judge (ALJ), telephonic hearings were held on March 8, 2022 and August 9, 2022. At the second hearing, plaintiff was represented by a non-attorney representative, and testimony was given by the plaintiff and a Vocational Expert (VE), Charles Waldrup. (*See* R. 69-89).

The plaintiff testified that he attended six years of elementary school education. (R. 74). He last worked for a landscaper called American Services, but he was fired for taking breaks to rest because of leg pain. (R. 74-75). He testified that he cannot work because of problems with his leg, back, and ankle. He stated that he can only stand for about a minute at a time before his legs start going numb. (R. 77). At the time of the second hearing, he was scheduled for abdominal surgery for a hernia, and he had 63 staples in his chest from a previous operation.

On September 15, 2022, the ALJ issued a decision denying benefits. (R. 21-37). On October 31, 2022, the Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the agency's final decision. (R. 5-8). Plaintiff filed a timely appeal in this Court after receiving an extension. (*See* Doc. 2; *cf.* R. 1). Accordingly, the Court has jurisdiction to review the ALJ's September 15, 2022 decision under 42 U.S.C. § 405(g).

**III.    The ALJ's Decision**

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpt. P, App'x 1 (Listings). At step four, the claimant must show that his impairment or combination of impairments prevents him from performing his previous work.

The claimant bears the burden on steps one through four. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant retains the capacity to perform other work available in the national economy, considering the claimant's age, education, and work experience. *Id*.

Here, at step one the ALJ found that the plaintiff has not performed substantial gainful activity since his amended alleged onset date of January 1, 2021. (R. 23). At step two, the ALJ determined that the plaintiff has severe impairments, including lumbar stenosis, osteoarthritis of the right knee and hip, and status post-surgery for a stab wound in 2017. *Id*. The ALJ noted that other conditions addressed in the record were not severe.

4

*Id*. At step three, the ALJ found that plaintiff's impairments do not meet or equal the severity criteria for any Listing, specifically addressing Listings involving disorders of the skeletal spine resulting in compromise of a nerve root. (R. 24-25).

At step four, after considering the entire record, the ALJ determined that plaintiff has the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift and/or carry, including upward pulling of 20 pounds, and can frequently lift and/or carry including upward pulling of 10 pounds. He can sit for 6 hours in an 8-hour workday with normal breaks and stand and/or walk with normal breaks for 6 hours in an 8-hour workday. His ability to push and/or pull, including operation of hand or foot controls, is unlimited up to the lift and carry restrictions of 20 and 10 pounds.

(R. 25). The ALJ indicated that, in making this finding, he considered all of plaintiff's symptoms in connection with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling (SSR) 16-3p, as well as medical opinions and prior administrative findings, in accordance with the requirements of 20 C.F.R. §§ 404.1520c and 416.920c. *Id*.

The ALJ concluded at step four that plaintiff can perform his past relevant work as a Landscape Laborer, Dictionary of Occupational Titles (DOT) # 408.687-014. Although that job's definition assigns it a heavy-exertional level, the ALJ found that the plaintiff identified one job he held in the past, with a company called American Services, where the plaintiff performed the work of Landscape Laborer at the light-exertional level. (R. 30). Citing testimony by the VE as to a hypothetical person with plaintiff's RFC, the ALJ found plaintiff retains the capacity to perform Landscape Laborer as he performed it with

5

American Services. *Id*. Accordingly, the ALJ found plaintiff not disabled at step four. (R. 31).[2]

## IV. Discussion

The plaintiff contends that the ALJ erred in his step-four findings with respect to the plaintiff's past relevant work as a Landscape Laborer.[3] At step four, a disability claimant must show that his impairment or combination of impairments prevents him from performing his previous work. If the claimant can perform his past relevant work, he is not disabled. Step four is comprised of three distinct phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity (RFC) "based on all the relevant medical and other evidence." 20 C.F.R. § 416.920(e). Second, the ALJ determines the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC found in phase one allows the claimant to meet the job demands found in phase two. *Id.* at 1023. If the claimant can perform his past relevant work, he is not disabled.

Here, the ALJ's decision acknowledged that the VE had identified the Landscape Laborer job as "requiring heavy exertion as generally performed and heavy/very heavy exertion" as plaintiff had actually performed it in the past. (R. 30). However, citing the

---

[2] The ALJ did not make alternative findings at step five in this case.

[3] The plaintiff does not challenge the ALJ's findings as to his RFC. Accordingly, the ALJ's evaluation of the medical evidence is not at issue in this appeal.

6

VE's hearing testimony, the ALJ determined that the plaintiff "ultimately had another Landscape Laborer job with American Services, which had the same DOT number, SVP 2 unskilled work requiring heavy exertion as generally performed and light exertion as actually performed." *Id*. The ALJ found the latter work "was substantial gainful activity, was performed long enough for the [plaintiff] to achieve average performance and was performed within the relevant period." *Id*.

> The ALJ further stated as follows:
>
> > In comparing the [plaintiff's] residual functional capacity with the physical and mental demands of this work, the undersigned finds that the [plaintiff] is able to perform past relevant work as a Landscape Laborer as performed by the claimant at the light level. At the hearing, the vocational expert testified that an individual with the above-described residual functional capacity would be capable of performing past work of the Landscape Laborer (as performed with the American Services). The undersigned has adopted the opinion of the vocational expert. Therefore, the undersigned finds that the [plaintiff] is capable of perform past relevant work.

[sic]. *Id*.

Generally, an ALJ may rely upon vocational expert testimony in making findings at phase two and phase three of step four. *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) (quoting *Winfrey v. Chater,* 92 F.3d 1017, 1025 (10th Cir. 1996)). While the step-four analysis may not be delegated to the vocational expert, the ALJ may rely on information supplied by the vocational expert regarding the demands of plaintiff's past relevant work and regarding whether a person with plaintiff's RFC could meet those demands. *Id.* The ALJ must "investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th

7

Cir. 1999); *see also* SSR 00-04p, 2000 WL 1898704. Additionally, agency guidelines specify that "[p]ast work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." SSR 82-62.

Here, during the August 9, 2022 telephone hearing, the VE asked for more information about the exertional demands of plaintiff's past work. Specifically, the VE stated, "I'd like to know before American Services how much weight did he have to lift or carry, push or pull on[sic] his job as a landscaper." R. 85. The following exchange then occurred:

> ALJ: How about it, [plaintiff], how much did you lift working the gardening job?
>
> CLMT: Working doing landscaping? Well, sir, that kind of work requires a lot of heavy lifting which is like you got to move bushes from one spot to another, move rocks, like I said by hand, pushing sometimes. When the rocks are big or big, big bushes like, you know, whether we [INAUDIBLE], we have to use a machine, like when we can go with a machine because we go in that room, then we have to push them around and then we do whatever -- put them it[sic] the spot where it needs to go.
>
> ALJ: Is that good enough, Mr. Waldrup?
>
> VE: That's good enough.

(R. 85-86). The VE then testified as follows:

> Your Honor, [plaintiff] has been a landscape laborer and at the last job at American Services, it's a -- he cut plants there, it said on the application, and it's Dictionary of Occupational Titles under 408.687-014, it's unskilled, SVP of 2. It is generally performed as heavy, but if he's cutting plants, and on the application it looks like it's light as performed, but before, it's

8

>the same DOT number, but it's heavy, generally performed as [plaintiff] performed it, it's either heavy or very heavy.

(R. 86).

In characterizing plaintiff's previous work, the VE appears to have relied on an Adult Function Report submitted in connection with the plaintiff's application. One such report is dated May 13, 2020 and indicates that it was completed on plaintiff's behalf by a representative named Bradford Myler. (R. 351). Under the "Job History" section, it identifies his last job as Landscaper, from September 2019 to January 2020. (R. 352). In response to a prompt to "Describe this job. What did you do all day?" the response is "Cut plants." (R. 353; *see also* R. 461-462 (Disability Report dated August 7, 2020)).[4]

However, the Disability Report does not identify American Services as his employer during that period—and in fact, plaintiff points to evidence that he did not begin working with that company until August 2020. Thus, it appears the VE, and possibly also the ALJ, falsely associated American Services with the four-month employment period plaintiff identified as his most recent employment when he completed his disability application in March 2020. As such, it appears that the VE's testimony regarding plaintiff's past relevant work was based on one or more mistakes of fact.

---

[4] The Court notes that the August 7, 2020 Disability Report, which was completed by an agency representative, indicates that this job did not involve lifting heavy weights. (*See* R. 462). However, it is not clear what information this report was based on, as it indicates there was no interview conducted with the plaintiff, and it includes other information that appears inconsistent with other evidence in the record. (*See, e.g.*, R. 466).

Moreover, this discrepancy infected how the VE and the ALJ interpreted the plaintiff's testimony regarding the demands of his past work during various time periods. For example, the VE appears to have concluded that, when plaintiff described past work that "require[d] a lot of heavy lifting," he was referring to jobs that he had worked *prior to* the period of work described in the Disability Report. But the question posed asked about his job duties "before American Services"—thus, it is possible plaintiff was referring to the four-month employment period beginning September 2019. R. 85.[5]

Accordingly, the ALJ's finding regarding the exertional requirement of plaintiff's past relevant work—on which the ALJ's finding of nondisability rests—is based on unreliable testimony. As a result, the Court cannot find substantial evidence supports the ALJ's finding of nondisability. This error warrants remand for further proceedings, to include at minimum a further opportunity for plaintiff to present testimony and/or documentary evidence to clarify the precise demands of his past relevant work. *See* SSR 82-62 ("Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the economy. . . . Since this is an important and, in

---

[5] The ALJ's rephrasing of the VE's question, by referring to "the gardening job," may have further heightened the likelihood of misunderstanding in this exchange. (R. 85).

some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.").[6]

## V. Conclusion

For the reasons set forth above, the Court finds the ALJ's determination that the plaintiff can perform the demands of relevant past work is not supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is **reversed and remanded** for further proceedings consistent with this opinion.

**SO ORDERED** this 31st day of March, 2024.

Christine D. Little
United States Magistrate Judge

---

[6] To the extent necessary, in developing the record regarding past relevant work, the Commissioner should also address any colorable issue raised regarding whether plaintiff's past work rose to the level of substantial gainful activity. (*See* Pl. Br., Doc. 5 at 8-10).